UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO.: 24-cv-2612

| | |
|---|---|
| John Rogne,<br><br>        Plaintiff,<br>v.<br><br>Digital Forensics Corp.,<br><br>        Defendant. | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

COMES NOW the Plaintiff, John Rogne (hereinafter "Plaintiff"), and for his Complaint against Defendant, Digital Forensics Corp. (hereinafter "Defendant") state as follows:

## INTRODUCTION

1. Plaintiff brings this Complaint for damages against Defendant for violations of the Bankruptcy Discharge Injunction 11 U.S.C. § 524, Automatic Stay violations of the Bankruptcy Code, 11 U.S.C. §362, and common law Invasion of Privacy.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, 11 U.S.C. § 524, and pursuant to 28 U.S.C § 1367 for pendent state law claims.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because the transactions at issue occurred in this District, Plaintiff resides in this District, and Defendant transacts business in this District.  Also, the venue is proper in this Court

1

pursuant to 28 U.S.C. § 1391(a), because, among other reasons, a substantial part of the events giving rise to the claims occurred in this judicial district.

## PARTIES

5. Plaintiff is a natural person obligated or allegedly obligated to pay a debt, who resides in the City of Owatonna, County of Steele, State of Minnesota,

6. Defendant is a digital data recovery company licensed to do business in the State of Ohio. The defendant regularly conducts business in the state of Minnesota. The defendant is headquartered at 4400 Renaissance Pkwy, Warrensville Heights, OH 44128. Defendant has a registered agent for service of 1st All File Recovery USA, Inc., 4400 Renaissance Pkwy, Suite 1, Warrensville Heights, OH 44128

## FACTUAL SUMMARY

7. Sometime in or around May 2023, Plaintiff incurred a debt with Defendant for digital data recovery services.

8. The Plaintiff fell behind and became overwhelmed due to increased financial obligations for unexpected dental bills and car repairs.

9. Due to the unanticipated expenses and inability to keep up, the Plaintiff commenced a Chapter 7 bankruptcy case on January 31, 2024, Court file number 24-30268.

10. Defendant was included as a creditor in Plaintiff's bankruptcy.

11. According to the bankruptcy court, Defendant was notified of Plaintiff's bankruptcy on February 5, 2024.

12. The plaintiff's sense of dread and the overwhelming weight of his debts were relieved when he filed for bankruptcy and was given a chance to start over with a clean slate.

13. Despite being notified of the Plaintiff's bankruptcy protection, the Defendant has continued to contact the Plaintiff, attempting to collect on the debt included in the bankruptcy, violating 11 U.S.C. § 362.

14. Specifically, Defendant has called Plaintiff on the following dates despite being notified that Plaintiff had filed for bankruptcy and the alleged debt was included in the bankruptcy:

| Dates | Times | Phone Number |
|---|---|---|
| February 21, 2024 | 8:45 a.m. | 216-323-3338 |
| March 20, 2024 | 2:51 p.m. | 216-255-9237 |
| March 20, 2024 | 1:36 p.m. | 216-255-9237 |
| March 27, 2024 | 1:58 p.m. | 216-232-3672 |
| March 27, 2024 | 1:56 p.m. | 216-232-3672 |
| April 5, 2024 | 6:34 p.m. | 216-232-3338 |
| April 12, 2024 | 1:28 p.m. | 216-232-3338 |
| April 19, 2024 | 3:39 p.m. | 216-232-3338 |
| April 26, 2024 | 11:30 a.m. | 216-232-3338 |
| May 1, 2024 | 3:32 p.m. | 216-206-8085 |
| May 1, 2024 | 3:32 p.m. | 216-206-8085 |
| May 8, 2024 | 3:34 p.m. | 216-343-0459 |
| May 13, 2024 | 8:22 a.m. | 216-343-0459 |
| May 15, 2024 | 2:26 p.m. | 216-343-0459 |
| May 15, 2024 | 2:28 p.m. | 216-343-0459 |
| May 17, 2024 | 1:27 p.m. | 216-343-0459 |
| May 20, 2024 | 5:40 p.m. | 216-343-0459 |
| May 22, 2024 | 3:45 p.m. | 216-232-3672 |
| May 22, 2024 | 4:16 p.m. | 216-232-3672 |
| May 28, 2024 | 5:07 p.m. | 216-343-0459 |
| May 30, 2024 | 2:16 p.m. | 216-230-3196 |
| May 31, 2024 | 5:39 p.m. | 216-423-6433 |
| June 4, 2024 | 9:41 a.m. | 216-474-1410 |
| June 4, 2024 | 11:40 a.m. | 216-474-1410 |
| June 5, 2024 | 12:19 p.m. | 216-354-2356 |

| | | |
|---|---|---|
| June 5, 2024 | 12:21 p.m. | 216-230-3196 |
| June 6, 2024 | 1:56 p.m. | 216-474-1410 |
| June 10, 2024 | 5:15 p.m. | 216-474-1410 |
| June 12, 2024 | 2:18 p.m. | 216-232-3672 |
| June 12, 2024 | 5:49 p.m. | 216-343-0459 |
| June 13, 2024 | 3:36 p.m. | 216-255-9237 |
| June 14, 2024 | 3:44 p.m. | 216-354-2356 |
| June 17, 2024 | 12:04 p.m. | 216-255-9228 |
| June 18, 2024 | 4:57 p.m. | 216-939-5188 |
| June 19, 2024 | 3:52 p.m. | 216-925-0521 |
| June 20, 2024 | 3:33 p.m. | 216-230-3804 |

15. Because Plaintiff kept receiving collection calls from Defendant, his bankruptcy attorney's office contacted Defendant and sent direct notice of the bankruptcy filing on March 20, 2024.

16. Plaintiff continued to receive the collection telephone calls from Defendant.

17. Therefore, Plaintiff's bankruptcy attorney's office sent another direct notice of Plaintiff's bankruptcy filing to Defendant on May 23, 2024.

18. Again, despite being put on notice of Plaintiff's bankruptcy, Defendant has continued to contact Plaintiff, attempting to collect on the debt that was included in Plaintiff's bankruptcy in violation of 11 U.S.C. § 362.

19. On May 8, 2024, Plaintiff's Chapter 7 Bankruptcy was discharged by the Court, and Defendant received notice of the Discharge Order from the Court on or about May 10, 2024.

20. Despite receiving notice of the Discharge from the Bankruptcy Noticing Center, and contrary to Plaintiff's Bankruptcy filing and discharge of the debt, upon

4

information and belief, Defendant continued its collection activities against Plaintiff, in violation of 11 U.S.C. § 524.

21. Specifically on:

| Dates | Times | Phone Number |
|---|---|---|
| May 13, 2024 | 8:22 a.m. | 216-343-0459 |
| May 15, 2024 | 2:26 p.m. | 216-343-0459 |
| May 15, 2024 | 2:28 p.m. | 216-343-0459 |
| May 17, 2024 | 1:27 p.m. | 216-343-0459 |
| May 20, 2024 | 5:40 p.m. | 216-343-0459 |
| May 22, 2024 | 3:45 p.m. | 216-232-3672 |
| May 22, 2024 | 4:16 p.m. | 216-232-3672 |
| May 28, 2024 | 5:07 p.m. | 216-343-0459 |
| May 30, 2024 | 2:16 p.m. | 216-230-3196 |
| May 31, 2024 | 5:39 p.m. | 216-423-6433 |
| June 4, 2024 | 9:41 a.m. | 216-474-1410 |
| June 4, 2024 | 11:40 a.m. | 216-474-1410 |
| June 5, 2024 | 12:19 p.m. | 216-354-2356 |
| June 5, 2024 | 12:21 p.m. | 216-230-3196 |
| June 6, 2024 | 1:56 p.m. | 216-474-1410 |
| June 10, 2024 | 5:15 p.m. | 216-474-1410 |
| June 12, 2024 | 2:18 p.m. | 216-232-3672 |
| June 12, 2024 | 5:49 p.m. | 216-343-0459 |
| June 13, 2024 | 3:36 p.m. | 216-255-9237 |
| June 14, 2024 | 3:44 p.m. | 216-354-2356 |
| June 17, 2024 | 12:04 p.m. | 216-255-9228 |
| June 18, 2024 | 4:57 p.m. | 216-939-5188 |
| June 19, 2024 | 3:52 p.m. | 216-925-0521 |
| June 20, 2024 | 3:33 p.m. | 216-230-3804 |

22. Then, on June 5, 2024, Defendant sent Plaintiff a collection email despite being put on notice that Plaintiff had filed for bankruptcy in violation of 11 U.S.C. § 524.

23. Plaintiff responded to Defendant's June 5, 2024, email and again put Defendant on direct notice that he had filed for bankruptcy on the alleged debt.

24. Then again, on June 19th, 2024, Defendant sent a collection email to Plaintiff threatening legal action if Plaintiff did not make a payment on the discharged debt, in violation of 11 U.S.C. § 362 and § 524.

25. Defendant's calls to Plaintiff during business hours while he was working were severely debilitating to Plaintiff as they caused him to be distracted, anxious, and depressed.

26. Defendant's calls to Plaintiff were initially answered by Plaintiff, wherein he would instruct them to stop calling him and advised that he had filed for bankruptcy. By the end, however, Plaintiff was afraid to answer his phone.

27. Defendant has repeatedly attempted to collect Plaintiff's account included in his Chapter 7 Bankruptcy, violating 11 U.S.C. §362 and § 524.

28. Defendant's actions against Plaintiff described herein were done knowingly, consciously, deliberately, and willfully, despite Defendant having received and documented notice of Plaintiff's bankruptcy.

29. Plaintiff has suffered emotional distress, distractions from work when hounded by Defendant's calls, exacerbation of his diagnosed depression, despair, sadness, anger, hopelessness, anxiety, and loss of sleep because of Defendant's illegal collection campaign.

30. The plaintiff has been diagnosed with depression and has been prescribed Citalopram and Trazadone. He has increased his dosage due to the stress and hounding brought about by Defendant's conduct.

## TRIAL BY JURY

31. Plaintiff is entitled to, and hereby demands, a trial by jury. U.S. Const. amend. VII; Fed. R. Civ. P. 38.

## CAUSES OF ACTION

### COUNT I.

### BANKRUPTCY AUTOMATIC STAY VIOLATION – 11 U.S.C. § 362

32. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

33. Defendant's actions by presenting to Plaintiff an attempt to collect on a debt that had been included in a bankruptcy violated the automatic stay.

34. Defendant's actions in attempting to collect the alleged debt included in Plaintiff's bankruptcy were willful.

35. In its actions above, Defendant has violated the Automatic Stay injunction of the Bankruptcy Code, including but not limited to 11 U.S.C. § 362.

36. Defendant's violations of the automatic stay injunction entitle Plaintiff to actual damages, attorney's fees, and costs, as well as punitive and/or exemplary damages under Sections 362(k) and any other applicable sections of the Bankruptcy Code. *See* T*aggart v. Lorenzen*, 2019 WL 2331303 (June 3, 2019).

37. The knowing, conscious, deliberate, and willful violations of the automatic stay injunction by the Defendant are in contempt of the bankruptcy court. They are further punishable under Sections 105(a) of the Bankruptcy Code.

## COUNT I.

## BANKRUPTCY DISCHARGE INJUNCTION VIOLATION – 11 U.S.C. § 524

38. Plaintiff references all preceding paragraphs as though fully stated herein.

39. Defendant's actions by presenting to Plaintiff repeated attempts to collect on a debt included in a bankruptcy, violated the discharge injunction.

40. Defendant's actions in attempting to collect the alleged debt included and discharged in Plaintiff's bankruptcy were willful.

41. In its actions set forth above, Defendant has violated the discharge injunction provision of the Bankruptcy Code, including but not limited to 11 U.S.C. § 524(a)(2) and § 524(a)(3).

42. The knowing, conscious, deliberate, and willful violations of the discharge injunction by Defendant are in contempt of the bankruptcy court. They are further punishable under Sections 105(a) of the Bankruptcy Code.

## COUNT III.

## INVASION OF PRIVACY - INTRUSION UPON SECLUSION

43. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

44. Defendant intentionally intruded upon Plaintiff's solitude, seclusion, and private concerns and affairs when, despite having the knowledge that Plaintiff had filed for personal bankruptcy protection, Defendant continued (and still continues) to harass Plaintiff to collect a debt that was included in Plaintiff's bankruptcy petition.

8

45. Defendant has continued to harass Plaintiff and has proceeded to contact Plaintiff regarding Plaintiff's alleged debt.

46. Defendant's intrusion was substantial, highly offensive to Plaintiff, and would be highly offensive and objectionable to any reasonable person in Plaintiff's position.

47. Plaintiff had a legitimate expectation of privacy in his solitude, seclusion, and private concerns and affairs.

48. As a result of Defendant's intrusion, Plaintiff has suffered actual damages in the form of sleeplessness, depression, mental anguish, and emotional distress and is entitled to an award of actual damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

- A judgment be entered against Defendant and in favor of Plaintiff for actual damages, including attorney's fees and costs, as well as punitive and/or exemplary damages for Defendant's violation of automatic stay injunction;
- Finding Defendant in contempt of court for having knowingly, willfully, and deliberately violated the automatic stay injunction mandate;
- Find Defendants in contempt of court for having knowingly, willfully, and deliberately violated the permanent injunction mandate and award Plaintiff actual damages, including attorney's fees and costs, as well as punitive and/or exemplary damages for said willful violations;
- Awarding actual damages for Defendant's illegal intrusion upon Plaintiff's seclusion; and
- For such other and further relief as may be just and proper.

Dated this 2nd day of July 2024.

Respectfully submitted,

By: _s/Thomas J Lyons Jr_
Thomas J. Lyons, Jr., Esq.
Attorney I.D. #: 249646

9

Carter B. Lyons, Esq.
Attorney I.D. #:  0403655
**CONSUMER JUSTICE CENTER, P.A.**
367 Commerce Court
Vadnais Heights, MN 55127
Telephone:  (651) 770-9707
Facsimile:   (651) 704-0907
tommy@consumerjusticecenter.com
carter@consumerjusticecenter.com

*ATTORNEYS FOR PLAINTIFF*

## **VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF**

I, John Rogne, declare under penalty of perjury, as provided for by the laws of the United States, 28 U.S.C. § 1746, that the following statements are true and correct:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all the facts contained in it are true, to the best of my knowledge, information, and belief, formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not intended for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

Dated this 21st day of June 2024.

s/John Rogne<br>
John Rogne