UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| John Rogne,<br><br>             Plaintiff,<br><br>v.<br><br>Digital Forensics Corp.,<br><br>             Defendant. | Case No. 24-cv-2612-KMM-TNL<br><br>**MEMORANDUM OF LAW IN SUPPORT OF COUNSEL FOR DEFENDANT'S MOTION TO WITHDRAW AS COUNSEL WITHOUT SUBSTITUTION** |

## INTRODUCTION

Counsel for Defendant Digital Forensics Corp. ("Digital Forensics") from the law firm of Messerli & Kramer P.A. ("Messerli") seek to withdraw their representation of Digital Forensics, without substitution, pursuant to the Minnesota Rules of Professional Conduct and the Local Rules of this Court. Pursuant to Local Rule 83.7, when an attorney seeks to withdraw without substitution, such withdrawal may only be accomplished by motion, for good cause shown. Here, good cause exists because Digital Forensics has failed to fulfill its obligations to Messerli.

## PRELIMINARY FACTUAL BACKGROUND

Messerli's representation is governed by a written retainer agreement that was agreed to on behalf of Digital Forensics by its In-House Counsel Jeromy Simonovic, Esq. (Decl. of David M. Tanabe ¶ 2.) Messerli's retainer agreement imposes certain obligations on Digital Forensics, including the obligation to timely pay my firm's invoices, and provides that if those obligations are not met, the firm may terminate the engagement and withdraw its representation of Digital Forensics. (Decl. of David M. Tanabe ¶ 2.)

Digital Forensics has not complied with the terms of the retainer agreement. Specifically, Digital Forensics has not paid the invoices and Messerli is owed substantial legal fees for this matter. (Decl. of David M. Tanabe ¶ 3.) Despite repeated requests over the past several months, these fees have not been paid. (Decl. of David M. Tanabe ¶ 3.) Digital Forensics has been informed that Messerli intends to withdraw its representation of Digital Forensics by motion. (Decl. of David M. Tanabe ¶ 4.) Copies of the motion to withdraw and all accompanying filings were served on Digital Forensics contemporaneously with this motion. (Decl. of David M. Tanabe ¶ 5.) Accordingly, Messerli, including its attorneys David M. Tanabe and Kevin D. Hofman, seek the Court's permission to withdraw their representation of Digital Forensics.

On January 13, 2025, the Court denied Digital Forensic's motion to compel arbitration. (ECF No. 22.) On January 30, 2025, the Court issued the Notice of and Order for Pretrial Scheduling Conference in which the Court set a pretrial conference on March 26, 2025 to consider the matters set forth in Rule 16(c), the Rule 26(f) disclosures, and related matters, including the template of the Pretrial Scheduling Order that will be used by the Court at the pretrial conference. (ECF No. 24.) No other motions are pending at the time.

## **ARGUMENT**

Local Rule 83.7(c) provides that where an attorney seeks to withdraw as counsel of record for a party without other counsel remaining or being substituted, that attorney must bring a motion to withdraw and show good cause. D. Minn. L.R. 83.7(c). The attorney

must also notify his or her client of the motion. *Id.* "If the requirements of these rules are satisfied, 'withdrawal is presumptively appropriate.'" *Sanford v. Maid-Rite Corp.,* 816 F.3d 546, 549 (8th Cir. 2016) (citations omitted).

"In addition, Local Rule 83.6(a) adopts the Minnesota Rules of Professional Conduct." *LeDuc Gifts & Specialty Prods.*, 363 F. Supp. 3d at 982. The Minnesota Rules of Professional Conduct of Professional Conduct provide for permissive withdrawal when "the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled," or when "the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client." Minn. R. Prof. Conduct 1.16(b)(5)-(6).

Withdrawal of Messerli without substitution is appropriate because good cause exists for the withdrawal and Digital Forensics has been notified of this motion. A client's failure to pay counsel's fees constitutes "a substantial failure to fulfill an obligation to the lawyer" and "supplie[s] good cause for withdrawal." *Sanford,* 816 F.3d at 548 (reversing denial of a motion to withdraw without substitution for, *inter alia*, non-payment of fees). Further, a client's refusal to pay provides good cause for withdrawal. *Jalin Realty Cap. Advisors, LLC Hartford Cas. Ins. Co. v. Rhythm Stone Media Grp. LLC*, No. CV 11-165 (JRT/LIB), 2017 WL 5197133, at *2 (D. Minn. Nov. 8, 2017) (quoting *Sanford* for the same principle). Having established good cause, and having provided Digital Forensics' with notice of this motion, the withdrawal of Messerli is presumptively appropriate.

The presumption favoring withdrawal may be disregarded if withdrawal would severely prejudice the client or third parties. *Sanford*, 816 F.3d at 550. Examples of conduct that may be severely prejudicial include "waiting until the client is over a barrel" to spring a demand for payment (or enhanced payment) on the client, or waiting until the eve of an imminent deadline, which could prejudice third parties. *Id.*; *see also Jalin Realty Cap. Advisors*, 2017 WL 5197133, at *2. No such circumstances are at issue here. The Court recently denied Digital Forensic's motion to compel arbitration on January 13, 2025. On January 30, 2025, the Court issued the Notice of and Order for Pretrial Scheduling Conference in which the Court set a pretrial conference on March 26, 2025 to consider the matters set forth in Rule 16(c), the Rule 26(f) disclosures, and related matters, including the template of the Pretrial Scheduling Order that will be used by the Court at the pretrial conference. (ECF No. 24.) No other motions are pending at the time. Discovery has not started in this matter. No motions or other deadlines that would impact the parties or any third-parties are pending. Thus, Messerli's withdrawal as counsel will not severely prejudice Digital Forensics.

## **CONCLUSION**

For the foregoing reasons, Messerli respectfully requests that the Court grant its Motion to Withdraw as Counsel Without Substitution.

- 5 -

Dated:  January 31, 2025

MESSERLI & KRAMER P.A.

By: *s/ David M. Tanabe*
    Kevin D. Hofman (#179978)
    David M. Tanabe (#0400262)
    1400 Fifth Street Towers
    100 South Fifth Street
    Minneapolis, MN 55402-4218
    (612) 672-3600
    khofman@messerlikramer.com
    dtanabe@messerlikramer.com

*ATTORNEYS FOR DEFENDANT DIGITAL FORENSICS CORP.*

- 6 -

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| John Rogne,<br><br>        Plaintiff,<br><br>v.<br><br>Digital Forensics Corp.,<br><br>        Defendant. | Case No. 24-cv-2612-KMM-TNL<br><br>**COUNSEL FOR DEFENDANT'S LR 7.1(F) and LR 7.1(H) CERTIFICATE OF COMPLIANCE** |

    I, David M. Tanabe, certify that the Memorandum in Support of Counsel for Defendant's Motion to Withdraw as Counsel Without Substitution complies with Local Rule 7.1(f) and (h).

    I further certify that, in preparation of the above document, I used Microsoft Office Word, with a 13-point font type size, and that this word processing program has been applied specifically to include all text, including headings, footnotes, and quotations in the following word count.

    I further certify that the above memorandum contains 1,153 words.

- 7 -

                                                   MESSERLI & KRAMER P.A.

Dated:  January 31, 2025

                                                   By: *s/ David M. Tanabe*
                                                       Kevin D. Hofman (#179978)
                                                       David M. Tanabe (#0400262)
                                                       1400 Fifth Street Towers
                                                       100 South Fifth Street
                                                       Minneapolis, MN 55402-4218
                                                       (612) 672-3600
                                                       khofman@messerlikramer.com
                                                       dtanabe@messerlikramer.com

                                             *ATTORNEYS FOR DEFENDANT DIGITAL FORENSICS CORP.*

3161654.v2